FILED
United States Court of Appeals
Tenth Circuit

May 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY CURTIS LIEB,

        Petitioner - Appellant,

v.

ROBERT PATTON, Director,

        Respondent - Appellee.

No. 14-5112
(D.C. No. 4:11-CV-00326-CVE-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

This matter is before the court on Danny Curtis Lieb's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Lieb seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas petition. 28 U.S.C. § 2253(c)(1)(A). We grant Lieb's request to

proceed *in forma pauperis*. Nevertheless, because Lieb has not "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** his request for a COA and **dismisses** this appeal.

A jury convicted Lieb in Oklahoma state court on one count of first degree

murder. After exhausting his state court remedies, Lieb filed the instant § 2254

habeas petition raising one claim of prosecutorial misconduct with the following

two subparts: the prosecutor committed misconduct by (1) asking witness Gary Browning about "snitches" and how they are treated while incarcerated; and (2) implying, in response to the defense's closing arguments, that Browning had more information about the murder but was unwilling to testify because he did not want to be killed. In a thoughtful and thorough order, the district court concluded the Oklahoma Court of Criminal Appeals' merits-based denial of relief on this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d). In particular, the district court concluded that, viewed in the context of all the information actually conveyed to the jury, it was reasonable for the state court to conclude the jury was not led to believe certain witnesses would have provided more damning testimony against Lieb, but for fear of retribution. The district court further concluded the prosecutor's arguments during closing were reasonable commentary on the evidence and were invited by the defense's closing arguments.

The granting of a COA is a jurisdictional prerequisite to Lieb's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

-2-

*Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Lieb has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Lieb need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of his appellate filings, this court concludes Lieb is not entitled to a COA. In so concluding, this court has nothing to add to the analysis set out by the district court in its comprehensive order denying Lieb habeas relief. Accordingly, this court **DENIES** Lieb's request for a COA and **DISMISSES** this appeal. Lieb's pending motion to stay is likewise **DENIED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge